SUMMARY ORDER

Petitioner Saehilatha Siuabalasingam, a native and citizen of Sri Lanka, seeks review of the April 3, 2008 order of the BIA affirming the December 10, 2003 decision of Immigration Judge (“IJ”) Noel A. Ferris, pretermitting her application for asylum and denying her applications for withholding of removal and relief under the Convention Against Torture (“CAT”). In re Sachilatha Siuabalasingam, No. A 76 154 805 (B.I.A. Apr. 3, 2008), aff'g No. A 76 154 805 (Immig. Ct. N.Y. City Dec. 10, 2003). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA agrees with the IJ’s conclusion that a petitioner is not credible, emphasizes particular aspects of the IJ’s decision, and then supplements that decision, we review both the BIA’s and the IJ’s decisions. See Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005); Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As an initial matter, we lack jurisdiction to review the IJ’s decision insofar as it pretermitted as untimely Siuabalasin-gam’s application for asylum. See 8 U.S.C. § 1158(a)(2)(B), (3). While we retain jurisdiction to review constitutional claims and “questions of law,” 8 U.S.C. § 1252(a)(2)(D), Siuabalasingam has made no such argument. The BIA agreed with the IJ that, although Post-Traumatic Stress Disorder (“PTSD”) “may be so debilitating as to present extraordinary circumstances” under § 1158(a)(2)(D), that was not Siuabalasingam’s case. We lack jurisdiction to consider the agency’s factual finding that Siuabalasingam failed to demonstrate “extraordinary circumstances” sufficient to excuse the untimely filing of her asylum application. See 8 U.S.C. § 1158(a)(2)(B), (2)(D), (3). We dismiss the petition for review to that extent.
We similarly dismiss the petition for review to the extent Siuabalasingam challenges the denial of her request for CAT relief where she failed to exhaust that argument before the BIA. See 8 U.S.C. § 1252(d)(1); Karaj v. Gonzales, 462 F.3d 113, 119 (2d Cir.2006).
With regard to Siuabalasingam’s application for withholding of removal, we conclude that the agency’s adverse credibility determination is supported by substantial evidence.[2] In making that determination, the BIA agreed with the IJ’s finding that it was implausible that during Siuabalasingam’s airport interview, she would omit any mention of the alleged 1997 detention about which she later testified. The BIA also noted that, although Siuabalasingam may have been reluctant to discuss the alleged attempted rape during the airport interview, that would not explain her failure to mention the alleged week-long detention. The BIA considered Siuabalasingam’s alleged PTSD and rejected this explanation for these and other inconsistencies in Siuabalasingam’s testi *742 mony. Because the agency provided specific examples of inconsistencies material to Siuabalasingam’s claim sufficient to allow a “reasonable adjudicator” to disbelieve Siuabalasingam’s testimony, § 1252(b)(4)(B); Chen v. U.S. Attorney Gen., 454 F.3d 103, 107 (2d Cir.2006), we identify no error in the agency’s adverse credibility determination.
For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part.

. We find no merit in Siuabalasingam's argument that the BIA exceeded the scope of its authority by pronouncing on her credibility where the IJ had not done so. See 8 C.F.R. § 1003.1(d)(3). The IJ’s decision made an explicit credibility determination. See Zaman v. Mukasey, 514 F.3d 233, 237-38 (2d Cir. 2008).